# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-mj-634 |
| GONZALO HERNANDEZ ROQUE | : | |
| | : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Defendant Gonzalo Hernandez Roque, a citizen and national of Guatemala, is charged by criminal complaint with illegal reentry. After being deported from the United States in 2016, the defendant reentered the United States without permission from the Attorney General or their successor, the Secretary of Homeland Security, and was found by federal law enforcement agents on March 17, 2025, in Montgomery County, Pennsylvania. Additionally, the defendant is the subject of an active Immigration Customs Enforcement ("ICE") detainer.

The extensive nature of the defendant's ties to Guatemala and his history of willfully violating the law, demonstrates by a preponderance of the evidence that the defendant is a flight risk, and that no condition or combination of conditions will reasonably assure his appearance as required. Therefore, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

**I.    THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

    **A.    Probable Cause And The Evidence In This Case**

1.    On March 27, 2025, the defendant stipulated that there is probable cause to

believe that he has violated 8 U.S.C. § 1326(a).

2.	The evidence in this case is strong and shows that the defendant is a citizen and national of Guatemala. On June 27, 2016, the defendant was ordered removed by an Immigration Judge. On July 7, 2016, the defendant was removed from the United States to Guatemala on an ICE flight departing from Alexandria, Louisiana. At the time of his removal, a Form I-205, Warrant of Removal/Deportation was executed, containing the defendant's photograph, signature, fingerprint, and the signature of the immigration officials who witnessed his departure.

On May 21, 2024, the defendant was arrested by the Doylestown Township Police Department for retail theft and receiving stolen property. On March 17, 2025, ICE placed the defendant under administrative arrest. The defendant surrendered his Guatemalan passport and investigators positively identified the defendant. During processing, the defendant was fingerprinted. His fingerprints matched the fingerprint which was taken when the defendant was deported on July 7, 2016.

### B.	Maximum Penalty

The maximum sentence for a violation of 8 U.S.C. § 1326(a) is two years' imprisonment, a one-year period of supervised release, a $250,000 fine, and a $100 special assessment. The defendant also faces deportation.

### C.	Criminal Record

The extent of the defendant's criminal record is unknown at this time.

## II.	CONCLUSION

When all these factors are viewed, in particular the weight of the evidence, the defendant's ties to Guatemala, and the defendant's history of willfully violating the law, it is clear that no condition or combination of conditions will reasonably assure the presence of the

defendant as required.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

>                             Respectfully submitted,
>
>                             DAVID METCALF
>                             United States Attorney
>
>
>                              */s/ Robert W. Schopf*
>                             ROBERT W. SCHOPF
>                             Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-mj-634 |
| GONZALO HERNANDEZ ROQUE | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this _____ day of March 2025, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required;

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1. There is probable cause to believe that the defendant has violated 8 U.S.C. § 1326(a), as charged in the criminal complaint signed by the Honorable Pamela A. Carlos on March 25, 2025.

2. The evidence in this case is strong and shows that the defendant is a citizen and national of Guatemala. On June 27, 2016, the defendant was ordered removed by an Immigration Judge. On July 7, 2016, the defendant was removed from the United States to Guatemala on an ICE flight departing from Alexandria, Louisiana. At the time of his removal, a Form I-205, Warrant of Removal/Deportation was executed, containing the defendant's photograph, signature, fingerprint, and the signature of the immigration officials who witnessed his departure.

On May 21, 2024, the defendant was arrested by the Doylestown Township Police Department for retail theft and receiving stolen property. On March 17, 2025, ICE placed the defendant under administrative arrest. The defendant surrendered his Guatemalan passport and investigators positively identified the defendant. During processing, the defendant was fingerprinted. His fingerprints matched the fingerprint which was taken when the defendant was deported on July 7, 2016.

      3.      The maximum sentence for a violation of 8 U.S.C. § 1326(a) is two years' imprisonment, a one-year period of supervised release, a $250,000 fine, and a $100 special assessment.

      4.      The strength and nature of the case against the defendant establishes the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

      BY THE COURT:

_____
HONORABLE JOSE ARTEAGA
*United States Magistrate Judge*

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by the district court clerk's electronic filing system, on the following defense counsel:

    Nancy MacEowin, Esquire

     /s/ Robert W. Schopf
    ROBERT W. SCHOPF
    Assistant United States Attorney

Date: March 31, 2025